**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 24 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

RICKY LEON DORITY,

Defendant-Appellant.

No. 99-7120
(D.C. No. 99-CR-9-S)
(E.D. Okla.)

---

**ORDER AND JUDGMENT** *

---

Before **TACHA** , **PORFILIO** , and **ANDERSON** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).  The case is therefore

ordered submitted without oral argument.

Ricky Leon Dority appeals from his jury conviction for being a felon in

possession of a firearm which had been shipped and transported in interstate

---

\*      This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

commerce in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).  He was

sentenced to 235 months of imprisonment to be followed by five years of

supervised release.  Mr. Dority's single issue on appeal alleges that the trial court

erred in its jury instruction regarding the definition of reasonable doubt.  We have

jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

We review challenges to a specific jury instruction objected to at trial

de novo.  *See United States v. Smith*, 13 F.3d 1421, 1424 (10th Cir. 1994).

We must determine whether the jury, considering the instructions as a whole,

was misled, and we will disturb the judgment only where we have substantial

doubt as to whether the jury was fairly and properly guided.  *See id.*  Here, we

must determine whether the instructions, taken as a whole, adequately conveyed

the concept of reasonable doubt to the jury, and whether "'there is a reasonable

likelihood that the jury understood the instructions to allow conviction based on

proof insufficient to meet' the beyond a reasonable doubt standard."  *United

States v. Miller*, 84 F.3d 1244, 1252 (10th Cir. 1996) (*quoting Victor v. Nebraska*,

511 U.S. 1, 6 (1994)).

The trial court's instruction stated:

> The Government has the burden of proving the defendant
> guilty beyond a reasonable doubt.  The Government must proof (sic)
> each essential element of the offense beyond a reasonable doubt.  In
> civil cases, it is only necessary to prove that a fact is more likely true
> than not true.  However, in criminal cases, the Government's proof

must be more substantial or powerful than that; it must be . . . beyond a reasonable doubt.

Proof beyond a reasonable doubt is proof that leaves you firmly convinced of the defendant's guilt. There are very few things in this world that we know with absolute certainty. And in criminal cases the law does not require proof that overcomes every possible doubt. If, based on your consideration of all the evidence you are firmly convinced of his guilt of the crime charged, you must find him guilty. If, on the other hand, you think there is a real possibility that he is not guilty, then you must give the defendant the benefit of that doubt and find him not guilty.

R. Vol. II, Trans. at 208-09.

In *In re Winship*, 397 U.S. 358, 364 (1970), the Supreme Court explicitly held that the Due Process Clause requires the government to prove every element of a charged offense beyond a reasonable doubt. "[S]o long as the court instructs the jury on the necessity that the defendant's guilt be proved beyond a reasonable doubt, the Constitution does not require that any particular form of words be used in advising the jury of the government's burden of proof." *Victor*, 511 U.S. at 5.

Here, the trial court's reasonable doubt instruction was taken almost verbatim from the pattern instruction of the Federal Judicial Center. *See id.* at 27 (Ginsburg, J., concurring) (*quoting* Federal Judicial Center, Pattern Criminal Jury Instructions at 17-18 (1987) (instruction 21)). Moreover, Justice Ginsburg's concurring opinion in *Victor* acknowledged this pattern instruction as a "clear, straightforward, and accurate," definition of reasonable doubt. *Id.* at 26; *accord United States v. Conway*, 73 F.3d 975, 980 (10th Cir. 1995) (holding that

-3-

reasonable doubt instruction taken from Federal Judicial Center's pattern instructions correctly advised the jury regarding the government's burden of proof).

In sum, we conclude that the jury, upon hearing this instruction, had a clear understanding of whether there was reasonable doubt as to Mr. Dority's guilt. *See Victor*, 511 U.S. at 6 ("The constitutional question . . . is whether there is a reasonable likelihood that the jury understood the instructions to allow conviction based on proof sufficient to the meet the *Winship* standard."). Therefore, we reject Mr. Dority's argument that this instruction erroneously allowed the jury to disregard defense evidence or contradictions in the government's case, or that the instruction improperly lessened the burden of proof. The judgment of the United States District Court for the Eastern District of Oklahoma is AFFIRMED.

Entered for the Court

Deanell Reece Tacha
Circuit Judge

-4-